IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JACINTO MORALES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-20825-JAL |
| ) | |
| BROADBAND TECHNICAL ) | |
| RESOURCES, INC. and ) | |
| GARY W. BLOUNT, ) | |
| ) | |
|     Defendants. ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, Broadband Technical Resources, Inc. and Gary W. Blount (hereinafter collectively referred to as "Defendants"), through their attorneys, hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint.

As to the first unnumbered paragraph of the Complaint, Defendants admit that Plaintiff has brought this action against them, but deny any wrong doing or liability to Plaintiff whatsoever.

1.    Paragraph 1 of the Complaint contains statements regarding the nature of the case, which require neither admission nor denial by Defendants. To the extent, however, said Paragraph alleges and/or implies that Defendants are liable to Plaintiff in any way, said allegations and/or implications are denied.

2.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint and therefore deny the same.

3.    Defendants admit the allegations contained in the first sentence of Paragraph 3. Defendants deny the remaining allegations contained in Paragraph 3.

- 2 -

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

**COUNT I.  ALLEGED FEDERAL OVERTIME WAGE VIOLATION**

6. Paragraph 6 of the Complaint contains statements regarding the nature of the case, which require neither admission nor denial by Defendants.  To the extent, however, said Paragraph alleges and/or implies that Defendants are liable to Plaintiff in any way, said allegations and/or implications are denied.

7. As to Paragraph 7 of the Complaint, Defendants admit that the Court has subject matter jurisdiction over cases of this nature.

8. Paragraph 8 of the Complaint is a statement of law that requires no response.  To the extent that Paragraph 8 is construed to contain any factual allegations, all such allegations are denied.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint is a statement or conclusion of law, which does not require a response.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

4457502v.1

17. Defendants deny the allegations contained in the unnumbered paragraph beginning with "WHEREFORE," which contains a prayer for relief which requires neither admission nor denial, but to the extent Plaintiff implies that Defendants are liable in any way to Plaintiff, it is denied.

## GENERAL DENIAL

18. Defendants deny all allegations of Plaintiff's Complaint, express or implied, that are not specifically and expressly admitted above.

## ADDITIONAL DEFENSES

Defendants, having fully answered Plaintiff's Complaint, set forth the following Additional Defenses:

## FIRST DEFENSE

This action cannot be maintained as a collective action because the allegations, facts and defenses relating to Plaintiff and the putative class, separately and individually, will not support a collective action.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

## THIRD DEFENSE

The Complaint, and each alleged claim contained therein, is barred in whole or in part by all applicable statutes of limitations, including without limitation 29 U.S.C. § 255.

4457502v.1

**FOURTH DEFENSE**

Plaintiff is not similarly situated to other potential members of the alleged group he purports to represent, the existence of which is expressly denied, and Plaintiff is therefore an inadequate representative of the alleged group of persons he purports to represent.

**FIFTH DEFENSE**

Plaintiff lacks standing to raise some or all of the claims of the alleged group of persons that Plaintiff purports to represent, the existence of which is expressly denied.

**SIXTH DEFENSE**

Plaintiff and/or members of the alleged group of persons that Plaintiff purports to represent, the existence of which is expressly denied, is precluded from recovering any amounts from Defendants where Plaintiff and/or members of the alleged group have been paid all sums legally due under the FLSA.

**SEVENTH DEFENSE**

Because liability and/or damages, if any, to each member of the group that Plaintiff purports to represent, the existence of which is expressly denied, may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a collective action would violate Defendants' rights under the Seventh and Fourteenth Amendments to the United States Constitution.

**EIGHTH DEFENSE**

This action cannot be maintained as a collective action because the requirements for such an action cannot be met under the facts pleaded.

## NINTH DEFENSE

The Complaint should be dismissed as to any putative class member for whom the Southern District of Florida is an improper venue.

## TENTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages is barred under the Portal-to Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendant Broadband Technical Resources, Inc. was at all times acting in good faith in conformity with and reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

## ELEVENTH DEFENSE

Defendants assert that they are not liable to Plaintiff, or anyone alleged to be similarly situated, for overtime because all such individuals are and were exempt from the overtime requirements of the FLSA for all times relevant to this lawsuit pursuant to 29 U.S.C. §§ 207 and/or 213.

## TWELFTH DEFENSE

Plaintiff, and/or members of the group that Plaintiff purports to represent, the existence of which is expressly denied, by reason of their conduct and actions, are estopped and/or have waived the right, if any, to assert their Complaint and each purported cause of action therein.

## THIRTEENTH DEFENSE

The Complaint, and each purported claim contained therein, is barred by the doctrine of unclean hands.

- 6 -

## FOURTEENTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of two years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947 as amended, 29 U.S.C. § 255, as any violations of the FLSA which may have occurred were not "willful" within the meaning of the statute.

## FIFTEENTH DEFENSE

Any claim for minimum wage and/or overtime liability and liquidated damages for a period in excess of three years prior to filing is barred by the statute of limitations contained in the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 255.

## SIXTEENTH DEFENSE

Any claim for liquidated damages under the FLSA is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. §§ 259 and 260, as Defendants were at all times acting in good faith and had reasonable grounds for believing that their actions were not in violation of the FLSA.

## SEVENTEENTH DEFENSE

Defendant Gary W. Blount was neither Plaintiff's employer nor a joint employer with Broadband Technical Resources, Inc. and, therefore, Plaintiff is not entitled to judgment against Defendant Blount under the FLSA.

## DEFENDANTS' RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer as Plaintiff's claims are investigated in the course of this litigation.  Further, Defendants reserve the right to assert additional affirmative defenses as Plaintiff's claims are clarified in the course of this litigation.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendants respectfully pray that:

1. The Court enter judgment in favor of Defendants and dismiss Plaintiff's Complaint in its entirety and with prejudice;

2. The Court deny each and every prayer for relief identified in Plaintiff's Complaint; and

3. The Court award Defendants their reasonable expenses and costs associated with defending this action, including attorneys' fees, along with any such other and further relief as the Court may deem proper.

Respectfully submitted this 24th day of March, 2017.

/s/ Angelique Groza Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
Constangy, Brooks, Smith & Prophete, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
(813) 223-7166 / Fax:  (813) 223-2515

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2017, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record identified on the following Service List via transmission of Notices of Electronic Filing generated by CM/ECF.


/s/ Angelique Groza Lyons
Attorney


## SERVICE LIST

**JACINTO MORALES v. BROADBAND TECHNICAL RESOURCES, INC.,
and GARY W. BLOUNT
CASE NO.: 1:17-cv-20825-JAL**

J.H. Zidell, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone:  305-865-6766
Facsimile:  305-865-7167
Email:  zabogado@aol.com
Served via CM/ECF